U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 07-05024

ORDER GRANTING RELIEF FROM STAY

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**02/04/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 02/05/2008

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Patricia Ann Woodberry,<br><br>Debtor(s). | C/A No. 07-05024-DD<br><br>Chapter 7<br><br>**ORDER ON MOTION FOR RELIEF FROM STAY** |

THIS MATTER is before the Court on the motion of America's Servicing Co., as servicer for US Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-8, and its successors and/or assigns ("ASC") seeking relief from the automatic stay.  A hearing was held in this matter on January 15, 2008.  Both Debtor and ASC appeared at the hearing by and through counsel.  The issue to be decided is whether ASC has standing to seek relief from the automatic stay.

*Facts*

1. Patricia Ann Woodberry ("Debtor") gave a promissory note dated June 21, 2005 in the amount of $68,400.00 to SouthStar Funding, LLC.

2. Debtor secured her promise to pay with a mortgage encumbering her home, located at 107 Waterman Avenue, Florence, SC ("Property").

3. The "Lender" recited in the Mortgage is SouthStar Funding, LLC.  The "Mortgagee" recited in the mortgage is Mortgage Electronic Registration Systems, Inc ("MERS").

4. There is an attachment to the original note entitled "Allonge to Note," containing a blank endorsement as follows: "pay to the order of without recourse."  An

allonge is a "paper annexed to a negotiable instrument, for endorsements too numerous or lengthy to be contained in the original."[1]

5. There were no recorded assignments of the Mortgage prior to the date of filing the motion for relief from stay.

6. Wells Fargo Bank, N.A. does business as America's Servicing Co. ("ASC") and is the servicer for US Bank National Association pursuant to the "SECURITIZATION SUBSERVICING AGREEMENT" dated September 1, 2005. *See Movant's Exhibit 2.*

7. US Bank National Association is trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-8 ("Trust").

8. Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on September 8, 2007. Debtor listed ASC on her schedule of secured creditors and did not report any dispute concerning the debt.

9. ASC filed its Motion on October 25, 2007 requesting relief from stay pursuant to 11 U.S.C. § 362(d)(2)[2].

10. There is no equity in the property that is the subject of this motion.

11. While the Debtor raises issues concerning the cause of some missed payments, she does not dispute that as of the date the Motion was filed she was 2 months behind in her mortgage payments.

12. Debtor filed an objection to ASC's Motion on November 5, 2007.

---

[1] allonge. (n.d.). *Dictionary.com Unabridged (v 1.1)*. Retrieved January 23, 2008, from Dictionary.com website: http://dictionary.reference.com/browse/allonge

[2] Further references to the Bankruptcy Code shall be section number only.

2

13. A preliminary hearing was held in this matter on December 11, 2007. At the hearing Debtor argued that ASC failed to provide adequate documentation with its Motion establishing that ASC is the proper "party in interest."

14. After the preliminary hearing, the Court entered an order on December 21, 2007. The order required proof that ASC was a "party in interest" at the time of filing the Motion.

15. The final hearing was originally scheduled for January 8, 2008, but was continued until January 15, 2008. The sixty (60) day time limitation imposed by § 362(e)(2)(A) was extended pursuant to § 362(e)(2)(B)(ii) so that the Court could give this matter due consideration.

16. At the final hearing ASC offered the testimony of Erin Hirzel ("Ms. Hirzel"), a "default litigation specialist" employed by Wells Fargo Bank, N.A. She is a records custodian of ASC.

17. Ms. Hirzel testified that Wells Fargo Bank, N.A. d/b/a ASC uses a computer based system from which she determined the ownership of this particular note and mortgage. She stated that by using a number of "screens" she was able to track ownership of the note and mortgage to the Securitization Subservicing Agreement dated September 1, 2005.

18. The original signed note and mortgage were introduced in evidence; they have been and are in possession of ASC at the Fort Mill, SC office of Wells Fargo Bank, N.A.

19. The Securitization Subservicing Agreement provides that Wells Fargo Bank, N.A. d/b/a ASC is custodian for US Bank National Association and that all documents held by ASC are held in trust for US Bank National Association.

20. The Securitization Subservicing Agreement provides that the servicer, among other things, will collect payments due under the terms of the notes and mortgages that are the subject of the agreement and will foreclose on properties in the event of defaults in payment.

21. Supervisory personnel employed by ASC instruct other employees, including Ms. Hirzel, to have attorneys for ASC seek protective orders concerning trade secrets, proprietary information, and confidential information allegedly contained in the Securitization Subservicing Agreement when moving it into evidence.

22. The Securitization Subservicing Agreement is recorded with the Securities Exchange Commission and is readily available via the Internet.

23. The uncontradicted testimony is that ASC holds the note and mortgage for the benefit of US Bank National Association.

24. MERS assigned the mortgage to US Bank National Association, as Trustee for the Structured Asset Investment Trust 2005-8 by instrument dated January 9, 2008.

### *Conclusions of Law*

The filing of a petition in a bankruptcy case operates as a broad stay of action. § 362(a). This stay continues in effect until property subject to the stay leaves the estate, the bankruptcy case is closed or dismissed, a discharge is granted or denied, or by operation of law in cases preceded by another case or cases of the same debtor filed within the previous year. § 362(c). The court is directed to grant relief from the stay under certain circumstances. § 362(d). This relief is granted only to and on request of a party in interest.

### *Party in Interest Standard*

Debtor argues that in order for ASC to be a party in interest it "must both hold the Note and must either be named as the original mortgage holder or possess a valid,

4

recorded assignment of the mortgage as of the time that the creditor seeks relief from stay." We turn to state law to ascertain the status of ASC and ownership of the mortgage. Applicable state law does not require both possession of the note and a written assignment of the mortgage to prove ownership as suggested by Debtor.

> When a negotiable note payable to order is indorsed generally by the payee the note and its incidents pass in the commercial world by delivery. *Dearman v. Trimmier*, 26 S.C. 507, 2 S.E. 501; *Carpenter v. Longan*, 16 Wall. 271, 21 L. Ed. 313; *Bailey v. Seymour*, 42 S.C. 322, 20 S.C. 63; *Patterson v. Rabb*, 38 S.C. 138, 17 S.E. 463; 19 L. R. A. 831; *Bank v. Chambers, 11 Rich. 657*…. There is no law in this State that requires assignments of mortgages to be recorded.

*Union Nat'l Bank v. Cook*, 110 S.C. 99, 96 S.E. 484 (S.C. 1918). The "Allonge to Note" converts the note at issue to a bearer instrument. Code of Laws of South Carolina § 36-3-204(2) (2003)[3]. As such, ownership passes with delivery of the instrument and proof of ownership can be made by possession. No written assignment of the mortgage is required under state law.

While this Court's prior order stated that "an accurate chain of title is essential when transferring mortgages so that ownership can readily be determined…", this was not stated as a holding or a requirement for transfer of notes and mortgages but rather to express a general rule that would alleviate problems such as the one presently before the Court[4]. To prevail ASC must prove that it has standing as a "party in interest" to seek relief from the stay and that it is entitled to relief. ASC has provided sufficient evidence as to the ownership of the note and mortgage.

---

[3] Further reference to the Code of Laws of South Carolina will be by section number only.

[4] ASC claims in the motion for relief from stay status as "the holder of a secured claim against the Debtor evidenced by a note and mortgage, copies of which are attached [to the motion]." The problem of course is that the note and mortgage are in favor of SouthStar Funding LLC and there is no readily apparent chain of title leading to ASC. A mechanism for this proof may be found in Fed. R. Evid 902(9), (11) and 807 or in a more detailed statement of the facts. Where, as here, the Debtor listed the movant as a creditor and did not reflect any dispute concerning the debt in the bankruptcy schedules, it may lead to an assertion of unreasonable and vexatious multiplication of a proceeding under 28 U.S.C. § 1927 if it appears that the sole purpose of the objection to a motion for relief from stay is delay. At the same time, counsel for a creditor should not be surprised to be put to proof of the case where vital links to a finding of standing are not evident from the motion and the exhibits.

5

Ms. Hirzel testified that Wells Fargo Bank, N.A. d/b/a ASC is in possession of the note and mortgage. She identified the note and mortgage. She testified that the note and mortgage have been in possession of ASC and were held for the benefit of US Bank National Association. Possession of a bearer instrument is *prima facie* evidence of ownership. *See Talbert v. Talbert*, 97 S.C. 136, 143 (S.C. 1914)(*quoting Coleman v. Dunlap*, 18 S.C. 591, 594 (S.C. 1883)) ("[W]hen a note was payable to bearer, and plaintiff stated he was the owner of the note, that inasmuch as he had possession of the note, which itself was prima facie evidence of ownership, such statement was admissible, and was all that was necessary to sustain the action"). That the testimony is by an agent and the note is held in trust for another is of no significance.

Wells Fargo Bank, N.A. d/b/a ASC has possession of the note and mortgage. ASC is servicer and custodian for US Bank National Association pursuant to the Securitization Subservicing Agreement dated September 1, 2005. US Bank National Association is Trustee for the Trust. Since ASC was in possession of the note and mortgage at the time it filed the Motion it has made a *prima facie* case that it owns the note and mortgage, albeit as custodian for the Trust. Debtor has offered no evidence to rebut this evidence of ownership. Debtor has only alleged that ASC was not a party in interest entitled to seek relief from stay pursuant to § 362(d).

The Bankruptcy Code does not define "party in interest" but uses the term often[5]. In another context, appearance in chapter 11 cases, we know that "party in interest" includes a debtor, the case trustee, a creditor's committee, an equity committee, a creditor, an equity holder, and an indenture trustee. § 1109(b). Thus "party in interest" is not restricted to creditors. The determination of status as "'a party in interest' under section 362(d) must be determined on a case by case basis with reference to the interest

---

[5] See, for example, §§ 706(b), 707(b)(1), 1121(c), 1208(c), and 1307(c).

6

asserted and how said interest is affected by the automatic stay." *In re Vieland*, 41 B.R. 134, 138 (Bankr. N.D. Ohio 1984).

Debtor cites *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) for her position. That case is, however, distinguishable from this case. In *Maisel* the creditor argued that a recent unpublished opinion, *Saffran v. Novastar Mortgage, Inc*., No. 07-40257, slip op. (D. Mass. Oct. 18, 2007), stood for the proposition that an assignment executed four days after the motion for relief from stay was filed "was sufficient to confer standing upon the Movant and that standing should be assessed at the time of the entry of an order granting relief from stay." *Id.* The Court disagreed and distinguished *Maisel* by noting (much like the facts in the present case), "It is important to recognize that in *Saffran*, Novastar was at all times the holder of the note and had a financial interest in that capacity. In the situation at hand, the Movant was an unrelated third party that had no interest in the mortgage or note until after the Motion for Relief was filed and, therefore, Movant did not have standing to seek relief from stay." *Id.* In the present case ASC offered evidence that it held the Debtor's note and mortgage as custodian for the Trust at the time the Motion was filed.

What then of ASC's status? It has a contractual relationship with US Bank National Association and other parties, all as provided in the Securitization Subservicing Agreement. The term "creditor" is defined by the Bankruptcy Code. A creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning debtor." § 101(10). Likewise, the term "claim" is defined by the Bankruptcy Code. A claim is the "right to payment . . . or [the] right to an equitable remedy for breach of performance is such breach gives rise to a right to payment. . . ." § 101(5).

7

The transfer of the note to ASC, by endorsement in blank, "vests in the transferee such rights as the transferor [possessed]" § 36-3-201(1). The owner or holder of a note has a right to payment. See *Trimble v Carlisle*, 103 S.C. 411, 415 (S.C. 1916)("[T]he possession and presentation of a negotiable note raises the presumption that the holder is entitled to payment.") Thus ASC is a creditor for purposes of the application of the term "party in interest."

This does not completely end the inquiry. A motion for relief from stay is a contested matter. Fed. R. Bankr. P. 7017 applies in contested matters. Fed. R. Bankr. P. 9014(c). Rule 7017 adopts Fed. R. Civ. P. 17, which in turn provides that '[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).

Is ASC the "real party in interest?" "Generally, the 'real party in interest' is the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit." *In re Comcoach Corp*. 698 F 2d. 571, 573 (2nd Cir. 1983)(citations omitted). While *Comcoach* has been criticized[6] as unduly restrictive in the interpretation of "party in interest", its general principal that "party in interest standing does not arise if a party seeks to assert some right that is purely derivative of another party's rights in the bankruptcy proceeding" survives. *In re Refco*, 505 F 3d. 109, 115 fn. 10 (2nd Cir. 2007). Under South Carolina law one finds the general proposition that "[t]he plaintiff in a foreclosure suit should be the real, beneficial owner of the mortgage debt." 27 S.C. Juris. Mortgages § 107. Despite the statement of the general proposition, it appears that foreclosures and motions for relief from the stay are frequently brought by parties other than the beneficial owner. The court and parties have not found a dispositive case under South Carolina law.

---

[6] See e.g. 3 *Collier on Bankruptcy* ¶ 362.07[2] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007)[hereinafter *Collier*]

8

Other jurisdictions tend to favor the view that a loan servicer is a "party in interest" and a "real party in interest." The general rule is that a mortgage servicer has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage. See *In re Tainan*, 48 B.R. 250,252 (Bankr. E.D. Pa. 1985)(Mortgage servicer a party in interest for purposes of Fed. R. Civ. P. 17(a) in a relief from stay proceeding.), *Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1191 (E.D. Va. 1994)(Both lender and servicer have standing to foreclose even if servicer is not the holder of the mortgage.), *In re O'Dell*, 268 B.R. 607, 618 (N.D. Ala. 2001)(A servicer was allowed to defend a proof of claim on behalf of its principal.), aff'd, 305 F.3d 1297, 1302 (11th Cir. 2002)("A servicer is a party in interest in proceedings involving loans which it services."), *In re Miller*, 320 B.R. 203, 206 fn2. (Bankr. N.D. Ala. 2005)(Servicer permitted to litigate motion for relief from stay.) It seems the better view that a loan servicer, with a contractual duty to collect payments and foreclose mortgages in the event of default, has standing to move for relief from stay in the Bankruptcy Court.

### *Basis for Relief*

Having found that ASC has standing to request relief from stay, the only remaining issue is whether the requirements for relief under section § 362(d)(2) have been met. Section 362(d)(2) states,

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362.  First, Debtor admits that there is no equity in the property.  Second, since this case is for liquidation under chapter 7 of the Bankruptcy Code there is no reorganization effort present.  The Court finds that ASC has met the requirements and is entitled to relief from stay under § 362(d)(2).  *See In re Lyons*, 19 B.R. 66, 67 (Bankr. N.D. Ga. 1982)(*citing In re Edward Jefferson Hart, Jr. (GMAC v. Edward Jefferson Hart, Jr.)*, 5 B.R. 524 (Bkrtcy. N.D.Ga., 1980)("[D]ebtor is proceeding under Chapter 7 of the Bankruptcy Code. Accordingly, reorganization is not contemplated by the debtors…. [T]he debtors have admitted that there is no equity in the subject property. Accordingly, relief from the automatic stay is mandated because the conditions set forth in § 362(d)(2) of the Bankruptcy Code have been met.")  *See also In re Sea Island Motor Sales, Inc.*, 72 B.R. 170, 171 (Bankr. D.S.C. 1986)("Because this is a Chapter 7 case the property is not necessary for an effective reorganization.");  *In re Southern Properties, Inc.*, 44 B.R. 838, 846 (Bankr. E.D. Va. 1984).

*Request for Protective Order*

ASC requested a protective order concerning trade secrets, proprietary information, and confidential information allegedly contained in the Securitization Subservicing Agreement.  The request was made by counsel based upon ASC's instructions.  The testimony was that supervisory personnel instruct employees to insist on a protective order when furnishing the document to counsel for use in litigation.  A significant amount of time was spent on testimony to establish the need for a protective order.  On cross examination counsel for Debtor suggested that the information should not be protected because it was already publicly available.  After a delay to allow counsel the time to retrieve the document from the Internet the motion for protective order was denied because the document is in fact publicly available.  Counsel for ASC obviously was not aware of this.

The Court has *sua sponte* considered some remedy for the time wasted at ASC's insistence. An appropriate remedy might include payment of the expenses of counsel for Debtor in defending against the request for protective order, denial of the motion for relief, or some other equitable relief. No award is made because this litigation was a matter of first impression in this district and because the stay will shortly expire in this no-asset chapter 7 case. Nonetheless ASC's good faith in pursuing an argument for a protective order for a document that it filed with the Securities Exchange Commission is called in question. At minimum this tactic should not be repeated.

## *Conclusion*

ASC has provided proof that it had possession of the Debtor's note and mortgage at the time the Motion was filed. ASC is the servicer and custodian for US Bank National Association. US Bank National Association is Trustee to the Trust. ASC is a party in interest for purposes of bring a motion for relief from stay under § 362(d). ASC has met the requirements for relief from stay under § 362(d)(2). ASC's Motion is granted.

**AND IT IS SO ORDERED.**
Columbia, South Carolina
February 4, 2008

.